KATIE CLEMENS, Exrx. *et al.*

*v.*

JOHN KAISER.

*Opinion filed October 24, 1904.*

1. APPEALS AND ERRORS—*when the complainant cannot complain that decree is not supported by allegations.* Complainant in a bill to declare property to be held in trust for her by the defendant, who answers claiming ownership in fee, cannot complain that the decree finds that the defendant holds the property as security for a debt owing from a third party, since the effect of the decree is that the defendant does not hold the property in trust for complainant.

2. COSTS—*decree should not award execution for costs against estate or executrix.* A decree for costs against the estate of the deceased complainant, accruing prior to her death, and against the executrix, substituted as complainant, for subsequent costs, should not award execution against the estate or the executrix.

APPEAL from the Circuit Court of Cook county; the Hon. C. M. WALKER, Judge, presiding.

On July 31, 1901, Margaret Lang filed a bill in the circuit court of Cook county against John Kaiser, praying that the legal title to certain premises in the city of Chicago, known as No. 234 Vine street, be decreed as held in trust for her by Kaiser, and that he be ordered to convey such title to her; also for an accounting of certain moneys alleged to be held in trust by him for the complainant, and for an order requiring him to pay to her the amount found to be due her upon such accounting. Kaiser answered, denying the material allegations of the bill, denying any trust relations between him and the complainant, and denying that she was entitled to an accounting from him. A general replication was filed by complainant. The cause was referred to the master to take the evidence and report the same, together with his conclusions, to the court. Before decree, Margaret Lang died, and her executrix, Katie Clemens, and Katie Clemens and Mamie Feid, her sole legatees and devisees, who are appellants here, were substituted as complainants.

Upon the coming in of the master's report, a decree was rendered by the court finding that the legal title to the property at 234 Vine street was conveyed to Kaiser by Marie Elanz, now deceased, the mother of Margaret Lang, on December 11, 1900, as security for $2015.38, and finding that the complainant was not, nor are the present appellants, entitled to an accounting from Kaiser.

Margaret Lang introduced evidence before the master to show that in the year 1891 she was engaged in buying and selling vegetables; that she then owned three horses and a piece of property, known as No. 201 Vine street, in Chicago; that from November, 1890, to April, 1891, Kaiser collected the rents from the real estate at the rate of $7 per month; that he gained her confidence and was then and thereafter acting as her confidential friend and adviser; that she turned over two of these horses to him and he sold them for $80; that she sold the third for $20 and turned this amount over to him upon his representation that he would keep the money received from the sale of the three horses for her, together with the rent received by him, until she should need it; that he urged her to bring all her savings to him, promising that he would keep them safely for her; that he induced her to give up her business in 1891 and work for him in his meat market and household, for which he agreed to pay her one dollar per day and to furnish meat for her family; that she worked for him for a period of five years, during all of which time he induced her to leave her wages with him, promising to keep them safely for her; that he also asked her to bring all the money she could save to him to accumulate for her; that some of her children were working and they turned over to her their earnings; that she received rent from a part of the house at 234 Vine street, in which she lived, and that from these sources she saved $150 per year, which, for a period of six years, she gave to the defendant to keep for her; that having her confidence he asked her to sign a paper, in April, 1891, which she did without knowing the contents thereof and which afterwards

proved to be a deed for the realty at 201 Vine street; that he afterwards represented to her that he would improve this property at 201 Vine street, so that she would receive $40 per month as rent for it; that she signed another paper which also proved to be a deed for him which he said was necessary in order to make the improvements, and that he moved a house upon and otherwise improved the property at an expense of $1500, which he said he would pay back to himself out of the rents received therefrom and out of the money she would save and give to him; that thereafter he received $100 from such rents, which he assured her he was keeping for her with her other moneys; that a few weeks afterwards he told her that he had sold the property for $4100, out of which he would pay for the improvements made by him, and the balance he would keep for her; that she did not learn until several years afterwards that the papers she had signed were deeds conveying the property to Kaiser; that in 1890 the premises at 234 Vine street were sold to one Glos for taxes, and that thereafter, in 1893, Glos obtained tax deeds thereto; that her mother, Marie Elanz, held the legal title; that on March 1, 1893, Kaiser obtained a deed from Glos, taking the conveyance to himself; that she furnished the money which was paid Glos and that in such transaction Kaiser was acting as her agent and took the title as trustee for her; that about June 2, 1893, Kaiser obtained from Marie Elanz a pretended deed to the property on the representation that he was arranging matters so that Mrs. Lang would get the property when Mrs. Elanz died in exclusion of the other children of the latter; that from this time up to the time suit was brought Mrs. Lang furnished to Kaiser each year the money with which to pay the taxes on the property, but that Kaiser took the tax receipts in his own name; that on December 11, 1900, he obtained another deed to the premises at 234 Vine street from Mrs. Elanz on the representation that it was necessary in order that Mrs. Lang might get the property after the death of her mother; that during all these years Kaiser assured complainant that he was dealing with the property at

234 Vine street for her, and that when Mrs. Elanz died he would convey the legal title to Mrs. Lang; that he made certain improvements on the property at 234 Vine street, but that he paid for the same out of money belonging to the complainant, which he had in his hands; that Mrs. Elanz died in the spring of 1901, and that the defendant now refuses to make a conveyance of such legal title to complainant and is attempting to deprive complainant of the use of the property, and that he now claims that he has no money belonging to complainant in his hands.

The defendant, on his part, offered evidence to show that he purchased the three horses, together with two wagons, from the complainant for $300 and paid for them in cash; that he also purchased the property at 201 Vine street from her and paid therefor $1500; that $600 of this amount was paid in cash, and the balance of $900 was credited upon an indebtedness owing to him from Mrs. Lang for money borrowed and merchandise bought at his market; that she never worked for him except at odd times, for which he always paid her at the time the work was performed; that he never collected any rents belonging to her and never received any money from her for safe keeping; that the tax deed obtained by him from Glos was paid for with his own money at the request of Mrs. Elanz who said she was financially unable to redeem from the tax sale; that Mrs. Lang never furnished any money to pay Glos and never gave him any money with which to pay taxes on that property; that he paid Mrs. Elanz $1000 in cash and canceled an indebtedness due from her on account of borrowed money and merchandise bought of him, for the deed which he obtained from her on June 2, 1893; that he improved the property at 234 Vine street with his own money; that the deed of June 2, 1893, was irregular in form and that on December 11, 1900, he obtained another deed to that property from Mrs. Elanz. It further appeared that at the time the latter deed was obtained his attorney figured up the amount of money owing to him from Mrs. Elanz, and that Mrs. Elanz signed

it to adjust the indebtedness; that the attorney told Mrs. Elanz that if she could sell the property for more than the indebtedness, she could have the surplus, that she could live there during her lifetime, and that the deed was to secure the amount due Kaiser. In accordance with this arrangement a lease was executed giving her the right to hold this property so long as she lived. Kaiser also testified that he had no funds belonging to Mrs. Lang and never promised to convey this property to her after her mother's death.

The master found that Kaiser held no money belonging to Mrs. Lang, and that she was not entitled to an accounting from him. He also found that the deed of December 11, 1900, from Marie Elanz to Kaiser, the consideration for which in part was the same as that for the irregular conveyance of June 2, 1893, was intended as security for $2015.38, and was in fact a mortgage. The court adopted the findings of the master and rendered a decree in conformity therewith. The substituted complainants appealed to this court.

BURTON & KANNALLY, for appellants.

W. J. LAVERY, (F. C. STRICKMEYER, of counsel,) for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

As we view this record, the only questions arising thereon are questions of fact, and we are not disposed to interfere with the decree.

The evidence covers 132 pages of the printed abstract. It is therefore impossible to discuss it in detail in this opinion. We have examined it carefully. The testimony of each of the original parties to the suit, Margaret Lang and John Kaiser, abounds with many inconsistencies and contradictions. Each testifies to certain material statements which, in the nature of things, must have been untrue, and must have been known to the party testifying to be untrue. Had

the evidence been submitted to a jury, that body would have been warranted in disregarding the evidence of each except in so far as it was corroborated by credible evidence.

The prayer for an accounting is based upon the charge that Kaiser held the title to 201 Vine street for Margaret Lang, having obtained the conveyance thereof from her by fraud and misrepresentation, and that the money he received from the sale thereof and the rents collected therefrom by him, were her property, and that the proceeds of the sale of the horses and wagons were her property, and that this, together with her savings and wages and the wages earned by her daughter, was entrusted to him by her because of her confidence in him, and that thereby a fiduciary relation was created between them.

So far as the property at 201 Vine street is concerned, Margaret Lang and her husband executed a deed conveying the same to Kaiser, the expressed consideration being $1500, and the parties stipulate that that was the fair market value of the property at that time. The deed was signed and acknowledged before a notary public in Kaiser's meat market. As to that real estate and the horses and wagons, Margaret Lang's testimony is not only denied by the defendant, but is contradicted by written instruments executed by her at the time of the transactions. Her statements in reference to the existence of any fiduciary relationship regarding her wages and savings is flatly opposed to his, and she is not corroborated to a greater extent than he.

Kaiser obtained first a tax title, conveyed to him by Henry Glos, for the premises at 234 Vine street, and that title he unquestionably held as trustee for Marie Elanz, and the money which he paid to secure it was included in the statement of the sums due him when Mrs. Elanz made to him the conveyance of December 11, 1900. We think it apparent that Kaiser's statement to the effect that he paid Marie Elanz $1000 at the time of the conveyance of June 2, 1893, which was not in proper form, is untrue. When he negotiated for the deed of December 11, 1900, he made no

such claim. If he had made that payment, he would certainly have sought reimbursement then. The finding of the master to the effect that the last conveyance of that property to him by Marie Elanz amounts to a mortgage is not consistent either with the testimony of Margaret Lang or John Kaiser, but is in accord with the testimony of the notary who drew the first conveyance from Marie Elanz, with that of the attorney who drew the second conveyance from her and negotiated an adjustment of the account between Kaiser and Marie Elanz, with that of two friends and neighbors of that lady, and with that of the notary public who took her acknowledgment to the last conveyance. This notary, the attorney, and the two neighbors were present when the settlement was reached. Their evidence seems straightforward and credible. No reason for disbelieving either of them appears. The court below acted wisely in adopting the view which is warranted by their testimony and in disregarding entirely the testimony of the parties respecting the transaction now under consideration.

We cannot say that the finding of the master on any of the various questions of fact before him, which have been approved by the court below, is against the weight of the evidence.

The bill avers that Kaiser holds this property in trust for Margaret Lang. The answer states that he is the owner of the fee simple title. The decree finds that he holds the title to that property to secure the said sum of $2015.38 with interest at five per cent per annum from December 11, 1900, the date of the deed taken by McMahon, the attorney who acted for Kaiser at that time, and it is urged that there are no allegations in the bill upon which a decree to that effect can be based, and that the decree, therefore, is erroneous. This error is one of which appellants cannot complain. The decree finds in substance that Kaiser does not hold the property in trust. The further finding that the conveyance to him amounts to a mortgage, even if error, does appellants no harm.

Kaiser testified that a certain $50 which was paid to him by Mrs. Lang was given to him to be paid one John Potast to compensate him for signing a bail bond for a woman by the name of Maggie Backus. Potast testified that he signed the bond at Mrs. Lang's request, and that Kaiser paid him the $50. Counsel for appellants, in cross-examining Potast, inquired if he did not subscribe and swear to a statement, when qualifying as bondsman, that he signed the bond at the request of the defendant, Maggie Backus. An objection to this interrogatory was sustained, and this has been assigned as error, on the ground that it was asked as a basis for impeachment. We think the assignment without merit. That the witness was requested to sign by Maggie Backus would not be inconsistent with his statement that he was requested to sign by Mrs. Lang. He may have been requested to sign by both.

The decree directs costs that accrued prior to the death of Margaret Lang, the original complainant, "be paid by the estate of the said original complainant, and that all costs herein since said date be paid by the" substituted complainants, "and that the defendant, upon taxation thereof by the clerk of this court, have execution therefor." This is erroneous in so far as it awards execution against the estate of the deceased and against her executrix who is one of the substituted complainants.

The decree will be so modified as that execution shall issue only against Katie Clemens, individually, and against Mamie Feid, for such costs as were adjudged against them by the decree of the circuit court. In all other respects the decree of the circuit court will be affirmed. Each party will be adjudged to pay one-half the costs of this court and execution may issue for same, except as to the executrix, who will pay in due course of administration.

*Decree modified and affirmed.*